**DOUGLAS et al. v. STURGILL.**

Court of Appeals of Kentucky.

Oct. 2, 1953.

As Modified and Extended Oct. 16, 1953.

Joe S. Feather, Williamsburg, for Roscoe C. Douglas.

Herschel M. Sutton, Corbin, pro se.
J. C. Sturgill, Corbin, pro se.

WADDILL, Commissioner.

■ , R. C. Douglas, the County Court Clerk of Whitley County, appeals from a declaratory judgment directing him to enter the names of Herschel M. Sutton, appellant, and J. C. Sturgill, appellee, on the election ballot in November, 1953, as candidates for the office of Prosecuting Attorney for the City of Corbin.

Corbin is a city of the third class operating under the City Manager form of municipal government. While the elective office of City Prosecuting Attorney for cities of the third class operating under this form of government is specifically retained, KRS 89.420, along with the offices of Mayor, Police Judge, and Member of the city legislative body, no method is provided in KRS, Chapter 89, for electing candidates to the office of City Prosecuting Attorney. KRS 89.440 provides for a special nonpartisan primary election for the offices of Mayor, Police Judge, and Commissioner but neglects any mention of the means of electing a city prosecutor. The question arises whether the candidates for City Prosecuting Attorney should file on a regular primary basis pursuant to KRS, Chapter 119, or whether the candidates should file in the special nonpartisan primary along with the other elective officers of the City Manager form of government under the provisions of KRS, Chapter 89.

A careful reading of the sections of KRS, Chapter 89, relating to the City Manager form of government reveals that the primary objective of these sections is to allow a city which elects to operate thereunder to eliminate partisan politics and party political labels insofar as city elections are concerned. KRS, Chapter 89, provides for a primary election in which the candidates' names are not connected in any way with any political affiliation and there is no provision in these sections for electing city officers in any other manner.

We cannot escape the conclusion that the legislature inadvertently omitted the office of City Prosecuting Attorney from the enumerated offices as set forth by KRS 89.440. Any other interpretation would result in an extremely cumbersome election machinery, which would partially defeat the purpose of the City Manager form of government.

From the objects and purposes of the entire act, we think it can reasonably be inferred that it was the legislative intent to include candidates for the office of City Prosecuting Attorney among those to be nominated by the special nonpartisan primary.

It is our judgment that candidates for all the offices retained by cities of the third class in KRS 89.420 are to be nominated by nonpartisan primary as provided in KRS 89.440.

 It appears that by contemporaneous construction of the statutes it has been the custom in some cities of the third class operating under the City Manager form of government for prosecuting attorneys to run for the office on a partisan ticket without the question here presented having been raised. Since, by reason of the ambiguities in the statutes there was substantial basis for this construction, we are of the opinion that such rights as might have been acquired by candidates for this office in good faith reliance thereon should not be affected by the decision in this case.

Judgment affirmed.